UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO ROSAS RODRIGUEZ, for
himself and on behalf of those
similarly situated

    Plaintiff,

v.           Case No:   2:15-cv-106-FtM-38MRM

TCB NAPLES LLC,

    Defendant.

_____

## REPORT AND RECOMMENDATION[1]

  This matter comes before the Court upon review of the parties' Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 28) filed on October 23, 2015.   The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

  To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act.   *Lynn's Food Store, Inc. v. United States*,

_____

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen (14) days after issuance of the Report and Recommendation containing the finding or conclusion. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection.**

679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.   *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.   *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable.   *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff brought this action against Defendant seeking damages for unpaid overtime wages, including work he was required to perform "off-the-clock."   Doc. 1 at 1, 3.   Plaintiff worked for Defendant as a dishwasher, food preparer, and cook.   Doc. 1 at 3.   Plaintiff originally calculated amounts owed to him as ranging approximately between $1,909.19 and $20,026.41 plus liquidated damages, attorney's fees and costs.

Doc. 16 at 3.   In the proposed Settlement Agreement, Defendant agreed to pay $10,000.00 to resolve his FLSA claim.   Doc. 28-1 at 3.   The parties agreed that Defendant will pay Plaintiff in two payments of $5,000.00 each, with the last payment to be made no later than November 14, 2015.   *Id.*

The undersigned conducted the settlement conference with the parties and found the settlement to be a fair and reasonable resolution of a bona fide dispute. Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here.   *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.,* 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendant further agrees to pay Plaintiff's attorneys' fees in the amount $5,000.00.   Doc. 28 at 3-4.   The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery.   *Id.* at 2-3.   Pursuant to *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs.   Doc. 28 at 2-3.   The parties agreed that Defendant will pay Plaintiff's counsel in two payments of $2,500.00 each, with the last payment to be made no later than January 13, 2016.   Doc. 28-1 at 3.   Thus, having conducted the settlement conference between the parties and reviewed the settlement documentation (Doc. 28-1) the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

Additionally, the Court notes that parties request that the Court retain jurisdiction until the final payment in January 2016 to enforce the terms of the Settlement Agreement.   Doc. 28 at 6.   This Court previously has not been inclined to retain jurisdiction absent a requirement in the settlement agreement or an articulation of independent jurisdiction.   *See King v. Wells Fargo Home Mortgage*, 2009 WL 2370640 (M.D. Fla. 2009).   Here, the parties' settlement agreement requires the parties to seek approval of the settlement agreement pursuant to FLSA and to request "the Court to retain jurisdiction until the payments outlined in this Agreement are complete, and that the Court dismiss the action with prejudice upon completion of the payments outlined in this Agreement."   Doc. 28-1 at 5.   Therefore, due to the nature of payment in installments to Plaintiff and limited duration of the requested retention of jurisdiction to ensure these payments, the undersigned recommends that the Court retain jurisdiction until January 29, 2016.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1.      Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 28) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2.      The Court enter an order **DISMISSING** this action with prejudice, retaining jurisdiction until January 29, 2016, and directing the Clerk to close the file on February 1, 2015.

      **DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of October, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record